UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSLYN KOZICKI,

Plaintiff,

v.

Case No. 13-12548
Hon. Robert H. Cleland

SCCI HOSPITALS OF AMERICA, INC.,
d/b/a KINDRED HOSPITAL DETROIT,
a foreign corporation,

Defendant.

BOGAS, KONCIUS, AND CROSON, P.C.
Kathleen L. Bogas (P25164)
Charlotte Croson (P56589)
Attorneys for Plaintiff
31700 Telegraph Road, Suite 160
Bingham Farms, MI 48025
(248) 502-5000

HALL RENDER KILLIAN HEATH & LYMAN
Jonathon A. Rabin (P57145)
Attorneys for Defendant
201 West Big Beaver Road, Suite 1200
Troy, MI 48084
(248) 740-7505

**STIPULATED PROTECTIVE ORDER**

WHEREAS there exists good cause for entry of a protective order to protect against external disclosure of certain documents and information;

WHEREAS the parties agree, and the Court approves, that such documents and information will be treated pursuant to the following terms:

1. Documents or information produced by either party containing confidential information, including but not limited to, information regarding parties and/or non-party current or former personnel of Defendant (including, but not

limited to, dates of birth, social security numbers, address or telephone contact information, sensitive personal information, and information regarding their disciplinary actions or medical conditions) may be marked as "CONFIDENTIAL."

2. Such documents and information, and the reasonably confidential information contained therein (hereinafter "Confidential Documents or Information"), shall not be used or shown, disseminated, copied, or in any way communicated to anyone whatsoever by a party or their attorney(s), except as may be: (1) required by law or court order; (2) appropriate for discovery, preparation and trial of the instant cause of action; and (3) as otherwise provided herein.

3. Except with the prior written consent of the disclosing party, or upon further Order of this Court, a party to whom Confidential Documents or Information has been produced may disclose the document or the confidential information contained on the document ("Confidential Documents or Information") only to the following persons (hereinafter referred to as "Qualified Persons"):

a. Attorneys of record and court reporters in this action;

b. Employees and agents of counsel assigned to assist in the preparation of and trial of this cause of action;

c. Witnesses who are testifying in this action;

d. Members of a case evaluation panel, case evaluation office personnel, and any arbitrators, facilitators, or mediators (and/or their staffs) who

are selected by the parties or the Court in this action;

e. any expert witness consulted or engaged by a party or the party's attorney; and

f. to the Court and at trial as limited herein.

4. When given access to any Confidential Documents or Information, each Qualified Person to whom a party intends to deliver, exhibit, or disclose any Confidential Documents or Information covered by this Order shall be given a copy of this Order or advised of its essential terms.

5. Any copies of Confidential Documents or Information shall be returned to the disclosing party's counsel after completion of litigation and upon the request of the disclosing party’s counsel.

6. To the extent that any Confidential Documents or Information are used in the taking of depositions, all such documents and information shall remain subject to the provisions of this Order.

7. Before filing any Confidential Documents or Information with the Court concerning a non-party current or former employee of Defendant, a party doing so shall redact all but the first initial of a non-party's last name, and redact any phone or address information for such persons.

8. A party who has, by inadvertence, omitted the designation of a document or information as "CONFIDENTIAL" may designate the same as such

after the fact. Confidential Documents or Information so designated will be treated as such as soon as the receiving party is notified of the designation.

9. This Order shall not be deemed a waiver of any party's right to object to the admissibility or use of any Confidential Documents or Information in this action.

Nor shall this Order constitute an admission, in any way by any party, that every document designated as "CONFIDENTIAL" is in fact confidential and subject to the terms of this Order. The mere designation of documents or information as "CONFIDENTIAL" shall not prohibit a party from seeking the Court's intervention over an erroneous designation.

10. Upon the termination of the instant cause of action, all Confidential Documents or Information furnished in the case, together with all originals and copies or reproductions, will be returned to the producing party's attorney or destroyed upon the request of the producing party’s attorney.

11. The provisions of this Order shall continue to be binding even after termination of the instant cause of action, until released by agreement of the parties and shall survive the entry of a final judgment herein.

IT IS SO ORDERED.

Dated: October 29, 2013

s/Robert H. Cleland
United States District Judge

Approved as to form and content by:

HALL RENDER KILLIAN HEATH & LYMAN

By: /s/ Jonathon A. Rabin
Jonathon A. Rabin (P57145)
Attorneys for Defendant
201 West Big Beaver Road, Suite 1200
Troy, MI 48084
(248) 740-7505
jrabin@hallrender.com

BOGAS, KONCIUS, AND CROSON, P.C.

By: /s/ Charlotte Croson w/ consent
Charlotte Croson (P56589)
Attorneys for Plaintiff
31700 Telegraph Road, Suite 160
Bingham Farms, MI 48025
(248) 502-5000
ccroson@kbogaslaw.com